**[J-55-2023] [MO: Wecht, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

IN RE:  TRUST B UNDER AGREEMENT   :   No. 5 WAP 2023
OF RICHARD H. WELLS DATED        :
SEPTEMBER 28, 1956               :   Appeal from the Order of the
                                     :   Superior Court entered September
                                     :   7, 2022 at No. 1269 WDA 2021,
APPEAL OF:  V.M.I. FOUNDATION, INC.   :   Affirming the Order of the Court of
                                     :   Common Pleas of Venango County
                                     :   entered October 5, 2021 at No.
                                     :   2005-00235.
                                     :
                                     :   ARGUED:  October 17, 2023

**CONCURRING AND DISSENTING OPINION**

**JUSTICE MUNDY**                                       **DECIDED: MARCH 21, 2024**

I agree with the Majority's assessment of the statutory requirements imposed under 20 Pa.C.S. § 7740.3(e) for the termination of charitable trusts.  In particular I concur with the Majority that the lower courts applied an erroneous analysis by considering as a relevant factor the Settlor's intention to create a continuing trust, which the section excludes from consideration.  Indeed, the orphans' court viewed Settlor's intent to create a perpetual trust as dispositive of the cross-summary judgement motions before it.  "Wells wanted to make a gift in trust to his alma mater and he did. There is really nothing else to be considered.  Since the language and circumstances surrounding the establishment of the trust leave no doubt as to his intent there Is nothing further to analyze."  Orphans' Ct. Op. at 7.

That said, other intentions a settlor may have in creating a trust are not foreclosed from being considered in a determination of whether "administrative expense or other burdens unreasonably out of proportion to the charitable benefits" exist to justify

terminating a trust and redirecting trust assets "for the purposes and on the terms that the court may direct to fulfill as nearly as possible the settlor's intentions other than any intent to continue the trust." 20 Pa.C.S. § 7740.3(e). Thus, a determination of what constitutes "unreasonably out of proportion" is not a static cost-benefit calculation. Rather, such a determination involves a fact-specific analysis of not only the bottom-line sustainability of a trust, but an assessment of how a settlor's intentions to benefit a beneficiary in a particular manner may have been affected by unforeseen changes.

Accordingly, I cannot join in the Majority's foray into the specific facts of this case to render a merits decision under our summary judgement scope and standard of review, an exercise the orphans' court never properly engaged in.[1] I further do not agree that the facts of this case read in the light most favorable to the Virginia Military Institute (Foundation) entitle Appellees to relief as a matter of law. Under circumstances here where the Settlor was sophisticated and informed in the area of finance and trusts; there occurred a change in the law after Settlor's death affecting the Trust in ways he could not anticipate; the sequence of mergers altering the character of the successor Trustee[2]; that the opposition by Trustee and the Commonwealth may involve elements of self-interest through fee generation and taxes; and the effect these factors have on the benefits intended for Foundation by Settlor may well support a contrary finding.[3] As the

---

[1] I appreciate that the broad phrasing of the question we accepted for review and the subsequent briefing of the parties invite this determination, but that does not require us to do so.

[2] Merger of an institutional trustee is not in itself a change of circumstances warranting removal of a trustee, see 20 Pa.C.S. § 7766(e), but it may be a factor if accompanied by a change in the character of the service provided. *See In re MicKinney*, 67 A.3d 824 (Pa.Super. 2013).

[3] The Majority contends that unanticipated changes, including changes in the law are irrelevant considerations under § 7740.3(e) by comparing the section to § 7740.2(a) (continued…)

Commonwealth notes an orphans court possesses a degree of discretion in making these assessments as § 7740.3(e) employs the term "may" when referring to the court's action in response to a petition. [4] Accordingly, I would vacate the judgments below and remand for further proceedings.[5]

---

dealing with non-charitable trusts where unanticipated circumstances are explicitly mentioned. Maj. Op. at 46-47. Section 7740.2 provides:

> **§ 7740.2. Modification or termination of noncharitable irrevocable trust by court - UTC 412**
>
> **(a) Unanticipated circumstances.--**The court may modify the administrative or dispositive provisions of a noncharitable irrevocable trust, make an allowance from the principal of the trust or terminate the trust if, because of circumstances that apparently were not anticipated by the settlor, modification, allowance or termination will further the purposes of the trust. To the extent practicable, the modification or allowance shall approximate the settlor's probable intention.

20 Pa.C.S.A. § 7740.2. The Majority also emphasizes the fact that the Uniform Trust Code § 412(a) from which this section is derived includes charitable trusts but that charitable trusts were excluded from the section by our legislature. Maj. Op. at 47. That does not render unanticipated changes irrelevant to considerations under § 7740.3(e), which merely sets the higher bar for charitable trusts of whether the changes result in burdens "unreasonably" out of proportion to the benefits.

[4] The Majority asserts the orphans' court has already exercised its discretion by determining the "that neither the charitable benefits nor the burdens warranted judicial termination." Maj. Op. at 40. However, as noted above the orphans' court applied an improper standard looking no further than the fact Settlor intended to create a perpetual trust. It did not evaluate burden and benefits of the Trust.

[5] It is also worth noting what is **not** decided by this case. As discussed, the issue presented to this Court involved the requested judicial termination of the Wells Charitable Trust under § 7740.3(e). This Court's decision, however, ought not be construed as a limitation on other remedies a beneficiary may be entitled to under the balance of § 7740.3, under common law, or in equity, a summary of which the Majority Opinion provides in its Section III-B, C. For example, § 7740.3(a) authorizes a court to apply *cy pres* principles when a charitable trust or a provision thereof becomes wasteful. A beneficiary may have remedies available short of termination of the trust. But in its (continued…)

petition before the orphans' court, Foundation only sought judicial termination of the trust or, alternatively and not included in the question we accepted for review, removal of the trustee. There is nothing in this decision preventing Beneficiary from seeking such alternative relief if appropriate in future actions.